## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DAUDELINO COC**

**v.**

**JAMISON, J.L.,** *et al.*

**CIVIL ACTION**

**No. 26-2400**

## ORDER

**AND NOW**, this 14th day of April, 2026, upon consideration of the petition for a writ of habeas corpus, and the response thereto, it is hereby **ORDERED**:

1. The petition (ECF 1) is **GRANTED** for the reasons in the accompanying memorandum.

2. Respondents shall **IMMEDIATELY RELEASE** Coc from custody and certify compliance with this Order by a filing on the docket on April 14, 2026, regarding Coc's custody status. Respondents shall return to Coc immediately upon his release all personal belongings confiscated upon or during his detention, including his identification documents.

3. Respondents are **ENJOINED** for a period of seven days following Coc's release from custody pursuant to this order from detaining Coc based on the same putative legal bases for his present arrest and detention, which is to say under 8 U.S.C. §§ 1225 or 1226.[*]

---

[*] Coc is not subject to mandatory detention under 8 U.S.C. § 1225. If Coc is not released from custody because he is otherwise detained, for instance on a criminal or civil commitment, then the seven-day period begins on the date of the lifting of detainers related to his immigration detention under §§ 1225 and 1226.

4.   If the government seeks to detain Coc after the period of seven days, it must provide him with a bond hearing within 48 hours of his detention. If no bond hearing is provided within 48 hours, Coc's remedy will recur.

5.   Coc may submit a motion and proposed order/judgment (or other procedural mechanism) regarding attorney fees within 60 days of this order.

BY THE COURT:

*s/ Catherine Henry*

**CATHERINE HENRY, J.**